BEFORE THE UNITED STATES
JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE EVOLVE BANK & TRUST DATA BREACH LITIGATION | MDL DOCKET NO. _____ |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO TRANSFER AND CENTRALIZE RELATED ACTIONS TO THE WESTERN DISTRICT OF TENNESSEE PURSUANT TO 28 U.S.C. § 1407**

Pursuant to 28 U.S.C. § 1407 and Rule 6.2(e) of the Rules of Procedure of the United States Judicial Panel on Multidistrict Litigation, Plaintiffs in a majority of the Related Actions ("Majority Plaintiffs"),[1] respectfully submit this memorandum in support of their motion to transfer and centralize the Related Matters in the United States District Court for the Western District of Tennessee. This is a traditional hub-and-spoke consumer class action in which multiple entities' consumers were affected by Defendant Evolve Bank & Trust's failure to implement reasonable, industry standard cybersecurity safeguards.[2] Though some Plaintiffs may prefer other fora, the Western District of Tennessee is the most reasonable choice because it is minutes from Defendant's headquarters in Memphis, Tennessee, is the forum in which sixteen of the twenty-two cases were filed, and is centrally located between the three Districts in which cases have been filed.

**I.    INTRODUCTION AND BACKGROUND**

In May 2024, Evolve became aware that it had been the target of a cyberattack in which Lockbit—a notorious Russian-linked cybergang—accessed and exfiltrated consumer information

---

[1] This motion is joined by Plaintiffs in at least thirteen of the twenty-two Related Actions. These are 2:24-cv-02450-JPM-ATC, 2:24-cv-02458-MSN-ATC, 2:24-cv-02461-MSN-ATC, 2:24-cv-02463-MSN-ATC, 2:24-cv-02464-MSN-ATC, 2:24-cv-02466-SHL-CGC, 2:24-cv-02467-SHL-CGC, 2:24-cv-02470-SHM-ATC, 2:24-cv-02473-SHL-CGC, 2:24-cv-02479-SHL-TMP, 2:24-cv-02487-SHL-TMP, 2:24-cv-02511-MSN-TMP, 2:24-cv-02518-SHL-CGC.
[2] As the banking-as-a-service partner for many financial technology companies, Defendant has accepted and stored the personally identifiable information of millions of consumers.

from Evolve's information systems (the "Data Breach"). According to Evolve, the attack occurred between February and May 2024, although Evolve did not know about the attack until some of its systems stopped functioning.[3] Evolve explained that although the investigation was ongoing, "it appears that names, Social Security numbers, bank account numbers, and contact information were affected for most of our personal banking customers, as well as customer of our Open Banking partners."[4] To remedy the harms associated with the Data Breach, Plaintiffs have filed twenty-two class actions across the Western District of Tennessee (sixteen cases), the Eastern District of Arkansas (five cases), and the Western District of North Carolina (one case). These cases are enumerated in the Schedule of Actions, and Plaintiffs are unaware of any additional cases related to the Data Breach at this time.

II.     ARGUMENT

   a. **Transfer and centralization of the various Related Actions is warranted under 28 U.S.C. § 1407 because they present common questions of law and fact.**

Under 28 U.S.C. § 1407(a), the Judicial Panel on Multidistrict Litigation (the "Panel") should transfer federal civil actions for pretrial coordination or consolidation where: (1) the cases involve "common questions of fact" and (2) the transfer is convenient for the Case parties and witnesses, and "promote[s] the just and efficient conduct of the cases." 28 U.S.C. § 1407(a). The purpose of the multidistrict litigation process is to "eliminate duplicative discovery, prevent inconsistent pretrial rulings on class certification and other issues, and conserve the resources of the parties, their counsel, and the judiciary." *In re Folgers Coffee Mktg. & Sales Practices Litig.*, MDL No. 2984, 2021 U.S. Dist. LEXIS 63657, at *2 (J.P.M.L. Apr. 1, 2021) (consolidating five putative class actions alleging defendant engaged in deceptive advertising and marketing practices

---

[3] Evolve Bank & Trust, *Substitute Notice of Data Breach*, (July 8, 2024), https://www.getevolved.com/about/news/cybersecurity-incident/substitute-notice-of-data-breach.
[4] *Id.* (further noting that its employees were likely also affected).

2

with respect to labeling of coffee products). The Panel should transfer and consolidate the instant cases in a single district because: (1) the Related Actions involve numerous common questions of fact and law; (2) consolidation will be for the convenience of the parties and witnesses and will promote the just and efficient conduct of this litigation; and (3) consolidation will avoid inconsistent rulings. See 28 U.S.C. § 1407.

Centralization is not uncommon in data breach class actions. Indeed, this Panel has transferred and centralized many data breach cases. *See In re Change Healthcare, Inc. Customer Data Sec. Breach Litig.*, MDL No. 3108, 2024 WL 2884723, *In re MOVEit Customer Data Sec. Breach Litig.*, MDL No. 3083, 2023 WL 6456749 (U.S. Jud. Pan. Mult. Lit. Oct. 4, 2023) (consolidating 101 actions across 22 districts involving a data security breach arising from MOVEit's software vulnerability); *In re T-Mobile 2022 Customer Data Security Breach Litig.*, MDL No. 3073, 2023 WL 3829244 (J.P.M.L. 2023) (consolidating eleven actions across eight districts involving a data security breach of T-Mobile); *In re KeyBank Customer Data Security Breach Litig.*, MDL No. 3056, 2023 WL 1811824 (J.P.M.L. 2023) (consolidating ten actions across at least three districts involving a data security breach of Key Bank); *In re Samsung Customer Data Security Breach Litig.*, MDL No. 3055, 2023 WL 1811247 (J.P.M.L. 2023) (consolidating nine actions across four districts involving a data security breach of Samsung).

The Panel should do the same here because each of the twenty-two Related Actions to date challenge the same underlying conduct—the sufficiency of Evolve's cybersecurity program, policies, practices, and procedures. Each complaint alleges that Evolve's practices either violate common law or state data privacy laws. These common questions include:

3

1. whether Evolve violated state common laws by failing to properly secure the sensitive personally identifiable information ("PII") of the various Plaintiffs and the putative Classes;

2. whether Evolve breached its contracts with various entities who entrusted Evolve with Plaintiffs' and members of the putative Classes as third-party beneficiaries of those contracts by failing to secure the PII of Plaintiffs and the putative Classes;

3. whether the proposed putative Classes should be certified under the Federal Rules of Civil Procedure;

4. whether Evolve's conduct caused injury to Plaintiffs and members of the putative Classes; and

5. the measure and amount of damages sustained by Plaintiffs and other members of the putative Classes.

In addition to these common questions, the Related Actions also share substantially similar claims that can easily be combined into a seamless consolidated class action complaint. Given the similarity of these claims, the discovery and motions concerning these common questions will be substantially the same in all Related Actions. Thus, these cases will benefit from coordinated or consolidated pretrial proceedings through multidistrict litigation. Indeed, any disagreement among the parties related to this motion appears limited to the choice of forum rather than whether an MDL is appropriate.

### b. The Western District of Tennessee is the most appropriate transferee forum under a balancing of the factors.

The Western District of Tennessee is the most appropriate forum in which to centralize the Related Actions. In determining the appropriate transferee forum, the Panel should conduct a

"balancing test based on the nuances of a particular litigation" that considers several factors, including the number of the underlying cases pending before the district, the experience of the judiciary with the issues, the location of documents and witnesses, the centrality of the location, and common parties. *See* Robert A. Cahn, *A Look at the Judicial Panel on Multidistrict Litigation*, 72 F.R.D. 211, 214 (1977); *see also In re Regents of Univ. of Cal.*, 964 F.2d 1128, 1136 (Fed. Cir. 1992); MANUAL OF COMPLEX LITIGATION (Fourth) (2010). Transfer is appropriate when it enhances the convenience of the litigation. But because transfer and centralization is done for pre-trial purposes, there will be no need for any witnesses not located near the transferee forum to travel there for trial. *In re Asbestos Prod. Liab. Litig. (No. VI)*, 771 F. Supp. 415, 422 (J.P.M.L. 1991).

Here, all factors weigh in favor of centralization in the Western District of Tennessee. First, of the twenty-two Related Actions, sixteen were filed in the Western District of Tennessee and only a single case was filed in North Carolina. Only five cases were filed in the Eastern District in Arkansas. Second, the Western District of Tennessee is well-equipped to handle this MDL. Indeed, the Western District of Tennessee judges are knowledgeable of the logistics of handling multi-district class actions, as two such MDL are currently pending before Judges Lipman and Anderson respectively.[5] And between the two districts with the most cases filed, the Western District of Tennessee has a slightly lower case load with 1,488 pending matters to the 1,536 pending matters in the Eastern District of Arkansas.[6] And the assigned judges in the Eastern District of Arkansas appear to have full dockets. The Honorable Judge Kristine Baker eighteen motions from three

---

[5] https://www.jpml.uscourts.gov/sites/jpml/files/Pending_MDL_Dockets_By_District-July-1-2024.pdf
[6] Table C-1, U.S. District Courts—Civil Cases Commenced, Terminated, and Pending During the 12-Month Period Ending March 31, 2024, https://view.officeapps.live.com/op/view.aspx?src=https%3A%2F%2Fwww.uscourts.gov%2Fsites%2Fdefault%2Ffiles%2Fdata_tables%2Ffjcs_c1_0331.2024.xlsx&wdOrigin=BROWSELINK.

cases on the CJRA list as pending for more than six months on the last report. Similarly, the Honorable James Moody had twelve such motions from four cases on the same list.[7] Contrast that with the Western District of Tennessee, where two of the three judges currently assigned Related Actions have no cases on the list. Those judges are the Honorable Judge Jon P. McCalla of the Western District of Tennessee, who is assigned the first-filed case, and the Honorable Samuel H. Mays, Jr. Thus, the Judges of the Western District of Tennessee are best prepared to adjudicate the proposed MDL.

Third, the Western District of Tennessee is an ideal choice of forum because Tennessee is centrally located between Arkansas and North Carolina and the Western District of Tennessee is mere minutes from Evolve's headquarters in Memphis, Tennessee. Though Evolve lists its principal place of business with the Tennessee Secretary of State as Parkin, Arkansas, Evolve explains on its website that its headquarters is in reality located at Triad Centre I, 6000 Poplar Avenue, Suite 300, Memphis, Tennessee, 38119.[8] Thus, Evolve's headquarters is in the Western District of Tennessee. And, even if some witnesses are located at Evolve's Parkin, Arkansas, office, that is still little more than a thirty-minute drive from the courthouse for the Western District of Tennessee. *In re Power Morcellator Prod. Liab. Litig.*, 140 F. Supp. 3d 1351, 1354 (U.S. Jud. Pan. Mult. Lit. 2015) (granting consolidation to a district "centrally located and easily accessible for all parties"); *In re Rio Hair Naturalizer Prods. Liab. Litig.*, 904 F. Supp. 1407, 1407-08 (J.P.M.L. 1995) (consolidating in the Eastern District of Michigan in part because six of the approximately fifty actions had been filed there and the district was geographically central to the other matters).

---

[7] CJRA Table 8, *U.S. District Courts—Reports of Motions Pending Over Six Months as of March 31, 2024*, https://www.uscourts.gov/sites/default/files/data_tables/cjra_8_0331.2024.pdf.
[8] Evolve Bank & Trust, *Contact Us*, https://www.getevolved.com/contact/contact-us (last visited July 30, 2024).

Furthermore, the Panel has often ruled that the single most important factor in deciding where to send the MDL is the presence of key documents and witnesses. For example, in *Samsung*, the Panel relied on the fact that "Defendant has its headquarters in New Jersey, where common witnesses and other evidence likely will be found." *In re Samsung Customer Data Security Breach Litig.* 655 F. Supp. 3d 1368, 1369 (J.P.M.L. 2023). *See also In re Blackbaud, Inc., Customer Data Sec. Breach Litig.*, 509 F.Supp.3d 1362, 1364 (J.P.M.L. 2020) ("Blackbaud has its headquarters in South Carolina. Thus, common witnesses and other evidence likely will be located in this district.").

Here, documents, relevant witnesses, and other evidence for discovery are located within minutes of the Western District of Tennessee, making it an ideal forum capable of streamlining discovery proceedings. *See In re Aqueous Film-Forming Foams Prod. Liab. Litig.*, 669 F. Supp. 3d 1375, 1380 (U.S. Jud. Pan. Mult. Lit. Apr. 10, 2023) ("[T]ransfer is appropriate if it furthers the expeditious resolution of the litigation taken as a whole, even if some parties to the action might experience inconvenience or delay"); *In re Watson Fentanyl Patch Prods. Liab. Litig.*, 883 F. Supp. 2d 1350, 1351–52 (J.P.M.L. 2012) ("[W]e look to the overall convenience of the parties and witnesses, not just those of a single plaintiff or defendant in isolation."). Thus, because the Western District of Tennessee is located between the other two fora, is in the same city as Evolve's headquarters, and is located barely over thirty minutes from Evolve's Parkin, Arkansas, location, it is the most convenient forum, and the Court should centralize all twenty-two cases there.

I.    **CONCLUSION**

For the foregoing reasons, the Majority Plaintiffs respectfully request that this Panel transfer the Related Actions listed in the attached Schedule of Actions to the United States District Court for the Western District of Tennessee.

7

Dated: July 30, 2024               Respectfully submitted,

*/s/ J. Gerard Stranch, IV*
J. Gerard Stranch, IV
Grayson Wells
**STRANCH, JENNINGS & GARVEY, PLLC**
223 Rosa L. Parks Avenue, Suite 200
Nashville, Tennessee 37203
Tel: (615) 254-8801
gstranch@stranchlaw.com
gwells@stranchlaw.com

Alexandra M. Honeycutt
**MILBERG COLEMAN BRYSON GROSSMAN PLLC**
800 S. Gay Street, Suite 1100
Knoxville, TN 37929
Tel: (865) 247-0080
ahoneycutt@milberg.com

M. Anderson Berry
Gregory Haroutunian
**CLAYEO C. ARNOLD P.C.**
865 Howe Avenue
Sacramento, CA 95825
Tel: (916) 239-4778
aberry@justice4you.com
gharoutunian@justice4you.com

Jason M. Wucetich
**WUCETICH & KOROVILAS LLP**
222 North Sepulveda Boulevard, Suite 2000
El Segundo, CA 90245
Tel: (310) 335-2001
jason@wukolaw.com

Jeff Ostrow
**KOPELOWITZ OSTROW, P.A.**
1 W. Las Olas Boulevard, Suite 500
Fort Lauderdale, FL 33301
Tel: (954) 525-4100
ostrow@kolawyers.com

Tyler Bean
**SIRI & GLIMSTAD LLP**
745 Fifth Avenue, Suite 500
New York, NY 10151

Tel: (212) 532-1091
tbean@sirillp.com

Lisa A. White
**MASON LLP**
5335 Wisconsin Avenue, NW, Suite 640
Washington, DC 20015
Tel: (202) 429-2290
lwhite@masonllp.com

Samuel J. Strauss
Raina Borrelli
**STRAUSS BORRELLI PLLC**
980 North Michigan Avenue, Suite 1610
Chicago, IL 60611
Tel: (872) 263-1100
sam@straussborrelli.com
raina@straussborrelli.com

Kevin Laukaitis
**LAUKAITIS LAW LLC**
954 Avenida Ponce De Leon, Suite 205 #10518
San Juan, PR 00907
Tel: (215) 789-4462
klaukaitis@laukaitislaw.com

Katherine Marie Aizpuru
**TYCKO & ZAVAREEI LLP**
2000 Pennsylvania Avenue NW, # 1010
Washington, DC 20006
kaizpuru@tzlegal.com

William B. Federman
**FEDERMAN & SHERWOOD**
10205 N. Pennsylvania Avenue
Oklahoma City, OK 73120
Tel: (405) 235-1560
wbf@federmanlaw.com

Charles E. Schaffer
**LEVIN SEDRAN & BERMAN**
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Tel: (215) 592-1500
cschaffer@lfsblaw.com

Linda P. Nussbaum
**NUSSBAUM LAW GROUP, P.C.**
1133 Avenue of the Americas, 31st Floor
New York, NY 10036
Tel: (917) 438-9189
lnussbaum@nussbaumpc.com

Kevin B. Love
**CRIDEN & LOVE, P.A.**
2020 Salzedo Street, Suite 302
Coral Gables, FL 33134
Tel: (305) 357-9000
klove@cridenlove.com

Jeffrey S. Goldenberg
**GOLDENBERG SCHNEIDER LPA**
4445 Lake Forest Drive, Suite 490
Cincinnati, OH 45242
Tel: (513) 345-8291
jgoldenberg@gs-legal.com

William F. Burns
Frank L. Watson, III
William E. Routt, III
**WATSON BURNS, PLLC**
5865 Ridgeway Center Parkway, Suite 300
Memphis, TN 38120
Tel: (901) 529-7996
bburns@watsonburns.com
fwatson@watsonburns.com
wroutt@watsonburns.com

James J. Pizzirusso
Amanda V. Boltax
**HAUSFELD LLP**
888 16th Street, NW, Suite 300
Washington, DC 20006
Tel: (202) 540 7200
jpizzirusso@hausfeld.com
mboltax@hausfeld.com

Steven M. Nathan
**HAUSFELD LLP**
33 Whitehall Street, 14th Floor
New York, NY 10004
Tel: (646) 357-1100

snathan@hausfeld.com

Jarrett L. Ellzey
Alexander G. Kykta
Leigh S. Montgomery
**ELLZEY & ASSOCIATES PLLC**
1105 Milford Street
Houston, TX 77006
Tel: (888) 350-3931
firm@ellzeylaw.com
alex@ellzeylaw.com

Gary F. Lynch
**LYNCH CARPENTER LLP**
1133 Penn Avenue, 5th Floor
Pittsburg, PA 15222
Tel: (412) 322-9243
gary@lcllp.com

Martha Tucker Ayres
**TABLE LAW PLLC**
10201 West Markham, Suite 311
Little Rock, AR 72205
Tel: (501) 491-0300
martha@tablelaw.com

Marc H. Edelson
Liberato P. Verderame
**EDELSON LECHTZIN LLP**
411 South State Street, Suite N-300
Newtown, PA 18940
Tel: (215) 867-2399
medelson@edelson-law.com
lverderame@edelson-law.com

Joseph Henry Bates, III
Randall Keith Pulliam
**CARNEY BATES & PULLIAM, PLLC**
One Allied Drive, Suite 1400
Little Rock, AR 722202
Tel: (501) 312-8500
hbates@cbplaw.com
rpulliam@cbplaw.com

Brett R. Cohen
**LEEDS BROWN LAW, P.C.**

11

One Old Country Road, Suite 347
Carle Place, NY 11514
Tel: (516) 873-9550
bcohen@leedsbrownlaw.com

Daniel Srourian
**SROURIAN LAW FIRM P.C.**
3435 Wilshire Boulevard, Suite 1710
Los Angeles, CA 90010
Tel: (213) 474-3800
daniel@slfla.com

Scott E. Poynter
Robert Clay Ellis, II
Philip Daniel Holland
Scout Sanders Snowden
**POYNTER LAW GROUP**
4924 Kavanaugh Boulevard
Little Rock, AR 72207
Tel: &501) 451-2135
scott@poynterlawgroup.com
clay@poynterlawgroup.com
daniel@poynterlawgroup.com
scout@poynterlawgroup.com

John A. Yanchunis
Ronald Podolny
**MORGAN & MORGAN COMPLEX LITIG. GROUP**
One Tampa City Center
201 North Franklin Street, Suite 700
Tampa, FL 33602
Tel: (813) 223-5505
jyanchunis@forthepeople.com
Ronald.podolny@forthepeople.com

Bruce W. Steckler
**STECKLER WAYNE & LOVE PLLC**
12720 Hillcrest Road, Suite 1045
Dallas, TX 75230
Tel: (972) 387-4041
jamie@stecklerlaw.com

Philip J. Krzeski
**CHESTNUT CAMBRONNE PA**
100 Washington Avenue, Suite 1700
Minneapolis, MN 55401

Tel: (612) 339-7300
pkrzeski@chestnutcambronne.com

Edward H. Maginnis
Karl S. Gwaltney
**MAGINNIS HOWARD**
7706 Six Forks Road, Suite 101
Raleigh, NC 27615
Tel: (919) 526 0450
emaginnis@maginnishoward.com
kgwaltney@magginishoward.com

Amber L. Schubert
**SCHUBERT JONCKHEER & KOLBE LLP**
2001 Union Street, Suite 200
San Francisco, CA 94123
Tel: (415) 788-4220
aschubert@sjk.law

*Counsel for Plaintiffs and the Proposed Class*