UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: EVOLVE BANK & TRUST CUSTOMER
DATA SECURITY BREACH LITIGATION                               MDL No. 3127

**TRANSFER ORDER**

    **Before the Panel**:[*] Plaintiffs in fifteen Western District of Tennessee actions move under 28 U.S.C. § 1407 to centralize this litigation in that district. This litigation consists of 22 actions pending in three districts, as listed on Schedule A. In addition, the parties have informed the Panel of fourteen potentially-related actions pending in three districts.[1]

    All responding plaintiffs and defendant Evolve Bank & Trust (Evolve) unanimously support centralization, with the sole disagreement limited to selection of the transferee district. Plaintiffs in eighteen actions, including movants, request the Western District of Tennessee. Plaintiffs in ten actions request the Eastern District of Arkansas. Evolve requests either the Western District of Tennessee or the Eastern District of Arkansas. One plaintiff requests the Western District of Oklahoma or, alternatively, the Eastern District of Arkansas.

    On the basis of the papers filed and the hearing session held, we find that these actions involve common questions of fact, and that centralization in the Western District of Tennessee will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These putative class actions present common factual questions concerning an alleged data security breach Evolve announced in June 2024 that led to the release of the personal information of over seven million consumers on the dark web.[2] The common factual questions include how and when the breach occurred, Evolve's data security practices with respect to safeguarding personal information, the investigation into the breach, how and when Evolve provided notice of the breach, and the nature of the alleged damages. Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings, including with respect to class

---

[*] Judge Karen K. Caldwell did not participate in the decision of this matter. Additionally, one or more Panel members who could be members of the putative classes in this litigation have renounced their participation in these classes and have participated in this decision.

[1] These and any other related actions are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1, and 7.2.

[2] The personal information allegedly compromised by the breach includes full names, dates of birth, Social Security numbers, and financial account information.

certification and expert witness issues; and conserve the resources of the parties, their counsel, and the judiciary.

The Western District of Tennessee is an appropriate transferee district for this litigation. Evolve's counsel represented at oral argument that its headquarters are located in this district and that its "main office" is in Arkansas. But that main Arkansas office and another office in Arkansas are nearest the Western District of Tennessee's courthouse, which suggests that the district offers a relatively convenient and accessible transferee forum. Most of the related actions are pending in this district, and it has broad support from both plaintiffs and Evolve. Judge Sheryl H. Lipman presides over nine actions. She is an experienced transferee judge, and we are confident that she will steer this litigation on a prudent and expeditious course.

IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside the Western District of Tennessee are transferred to the Western District of Tennessee and, with the consent of that court, assigned to the Honorable Sheryl H. Lipman for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Nathaniel M. Gorton
Acting Chair

Matthew F. Kennelly        David C. Norton
Roger T. Benitez           Dale A. Kimball
Madeline Cox Arleo

**IN RE: EVOLVE BANK & TRUST CUSTOMER
DATA SECURITY BREACH LITIGATION**                              MDL No. 3127

## SCHEDULE A

<u>Eastern District of Arkansas</u>

QUIATES v. EVOLVE BANK & TRUST, C.A. No. 3:24−00114
STARLING v. EVOLVE BANK & TRUST, C.A. No. 4:24−00549
STIRITZ v. EVOLVE BANK & TRUST, C.A. No. 4:24−00550
FRANZ, ET AL. v. EVOLVE BANK & TRUST, C.A. No. 4:24−00566
BUCHANAN, ET AL. v. EVOLVE BANK & TRUST, C.A. No. 4:24−00586

<u>Western District of North Carolina</u>

GASKINS v. EVOLVE BANK & TRUST, C.A. No. 3:24−00654

<u>Western District of Tennessee</u>

MEADOWS v. EVOLVE BANK & TRUST, C.A. No. 2:24−02450
SHEVCHENKO v. EVOLVE BANK & TRUST, C.A. No. 2:24−02458
COLBY v. EVOLVE BANK & TRUST, C.A. No. 2:24−02461
MASON v. EVOLVE BANK & TRUST, C.A. No. 2:24−02463
MCLAUGHLIN v. EVOLVE BANK & TRUST, C.A. No. 2:24−02464
PAYNE v. EVOLVE BANK & TRUST, C.A. No. 2:24−02466
WEBSTER v. EVOLVE BANK & TRUST, C.A. No. 2:24−02467
ADEWOLE v. EVOLVE BANK & TRUST, C.A. No. 2:24−02470
BIRON v. EVOLVE BANK & TRUST, C.A. No. 2:24−02473
KOVALCZIK v. EVOLVE BANK & TRUST, C.A. No. 2:24−02479
KATSNELSON v. EVOLVE BANK & TRUST CORPORATION, C.A. No. 2:24−02487
RAYAM v. EVOLVE BANK & TRUST, C.A. No. 2:24−02494
HUFF v. EVOLVE BANK & TRUST, C.A. No. 2:24−02495
PERRIER v. EVOLVE BANK & TRUST, C.A. No. 2:24−02506
PRYSTALSKI v. EVOLVE BANK & TRUST, C.A. No. 2:24−02511
HOHLER v. EVOLVE BANK & TRUST, C.A. No. 2:24−02518